DECISION OF DISMISSAL
This matter is before the court on Defendant's challenge to the timeliness of Plaintiffs' appeal, which is before the court as an affirmative defense. A preliminary hearing on that matter was held January 15, 2008, pursuant to Tax Court Rule (TCR) 21 C.[1] Plaintiffs appeared on their own behalf, but only Larry Twidwell (Twidwell) testified. Defendant was represented by Laurie Fery, auditor with the Department of Revenue.
The appeal involves tax years 2005 and 2006. Defendant issued a Notice of Proposed Adjustment and/or Distribution (notice) for both years on April 6, 2007. The purpose of the notices was to inform Plaintiffs that the refunds they were otherwise due ($425 for tax year 2005 and $83 for tax year 2006) on their jointly filed returns were applied to Twidwell's separate 1997 liability for a tax debt incurred by Twidwell prior to Plaintiffs' marriage. Plaintiff Debbie Nealeigh (Nealeigh) seeks apportionment of the refunds, as *Page 2 
authorized under ORS 314.415(7), [2] and the corresponding administrative rule, OAR 150-314.415(7).[3]
Plaintiffs' Complaint to this court appealing those notices was postmarked July 10, 2007, and is considered filed on that date. The time span between those two dates is 95 days. Under ORS 305.280(1), Plaintiff had 90 days from the date they became aware of the redistribution of the refund in which to appeal.[4] The statute provides in relevant part:
 "an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."
ORS 305.280(1) (emphasis added).
The question before the court is whether Plaintiffs' appeal is timely. The answer to that question depends on when Plaintiffs opened their mail from Defendant containing the notices and actually became aware of Defendant's action. Plaintiffs contend that they were on vacation in California at the time the notices would have been received, and that they did not receive those notices until sometime after they returned from vacation on either April 12, 2007, or April 13, 2007. If that is true, the appeal is timely.
Twidwell testified at the January 15, 2008, evidentiary hearing that he and Nealeigh went to visit a friend in California on April 6, 2007, and returned on April 12, 2007. Twidwell testified that he had a stack of mail to go through when he returned from vacation and that it was several months before he opened the department's notices. When pressed on *Page 3 
cross-examination, Twidwell testified that he really could not remember when he opened the letters.
Twidwell further testified that the friend with whom they stayed in California had agreed to submit a written statement to the court verifying their visit. Neither Defendant nor the court received such a statement.
Plaintiffs also submitted a short written statement purportedly signed by Nealeigh's employer, Robin Comstock, stating that "Debbie Nealeigh took a vacation last year from 6-4-06 to 6-12-06." (Ptfs' Ex 1.) The employer's letter "verifying" Nealeigh's vacation cannot be relied upon by the court because it relates to a vacation in June 2006, and the pertinent time frame for gauging the timeliness of Plaintiffs' appeal is April 2007. Moreover, when questioned by Fery, Twidwell acknowledged that Nealeigh wrote the employer letter at Ms. Comstock's request because Comstock was "really busy." It is not clear who signed the letter bearing Comstock's signature.
The letter from the friend substantiating Plaintiffs' vacation was never produced. The court stressed to Plaintiffs at an earlier hearing the importance of their substantiating their claim that they were on vacation. Twidwell inquired as to how he might prove he was on vacation and Fery opined that he could submit sworn affidavits; the court indicated that individuals with first-hand knowledge of the vacation could testify at the upcoming trial. Twidwell responded that he would try to procure affidavits and have witnesses available for trial, particularly John Hurbert (Hurbert), the friend in California with whom they stayed while on vacation. Hurbert did not testify, and no affidavits were submitted. Hurbert was reportedly "very busy" and therefore unable to testify. *Page 4 
That leaves only Twidwell's testimony. Twidwell's testimony is self-serving and the witness did not strike the court as particularly credible. The absence of independent corroborating evidence is fatal to Plaintiffs' claim that they were on vacation and did not receive Defendant's notices until sometime after April 11, 2007, which is the critical date for a timely appeal from knowledge of Defendant's acts. Plaintiffs did not claim that they were on vacation in April 2007 until after the court issued its October 11, 2007, Order, which, in addition to ruling on the applicable statutory appeal period, stated that the appeal would be timely if Plaintiffs did not become aware of the department's action in redistributing the refunds until Wednesday, April 11, 2007, or later. The court finds that an unlikely coincidence, because this issue was raised in Defendant's Answer and addressed in an earlier proceeding, where no mention was made of the California vacation. Additionally, Nealeigh is the one seeking a refund and she did not testify, although she was available at the January 15, 2008, hearing. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed as untimely.
Dated this ___ day of January 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on January 30,2008. The Court filed and entered this document on January 30,2008.
[1] The court did initially treat Defendant's request for dismissal as a motion under TCR 21 A(9) and, after setting forth by court order the correct legal standard for judging the timeliness of an appeal from a Notice of Proposed Adjustment and/or Distribution, the court denied the request because the Complaint did not show on its face that it was not timely. Defendant continued to challenge the timeliness of Plaintiffs' appeal, and the court moved the case forward on that question, viewing it as an affirmative defense.
[2] All references to the Oregon Revised Statutes (ORS) are to 2005.
[3] All references to the Oregon Administrative Rules are to the rules currently in effect.
[4] The court's October 11, 2007, Order ruled that the appeal period was 90 days from knowledge, as provided in ORS 305.280(1), and not 90 days from the date that the notice was issued, as asserted by Defendant pursuant to subsection (2) of that statute. *Page 1